IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN DIAMOND, et al.

    Plaintiffs,

    v.

COUNTY OF SACRAMENTO, et al.,

    Defendants.

No. Civ. 05-1606 DFL DAD

ORDER

    This dispute arises out of actions that defendants allegedly took in response to threats that a high school student allegedly made in her online journal. Plaintiffs are a Rio Americano High School student and her parents. The complaint includes a claim under 42 U.S.C. § 1983 as well as various state law claims. The action was originally filed in Sacramento Superior Court on May 13, 2005. Defendants County of Sacramento, Sacramento County Sheriff's Department, Anthony Jenkins, and Lou Blanas then removed the case to federal court without the consent of the remaining defendants, including defendant San Juan Unified School District ("School District"). The School District now moves to

1

dismiss, asserting Eleventh Amendment immunity.  In opposition, plaintiffs move to remand the entire case to state court on the ground that not all defendants consented to removal.  Plaintiffs also seek attorney's fees.  For the reasons stated below, the court: (1) remands to state court the claim against the School District; (2) retains the claims against the remaining defendants; and (3) denies plaintiffs' motion for attorneys fees.

I.

On August 12, 2005, defendants County of Sacramento, Sacramento County Sheriff's Department, Anthony Jenkins, and Lou Blanas filed a notice of removal to this court.  (Docket #1.)  These defendants ("removing defendants") did not obtain the consent of the remaining defendants to remove, claiming that "there [was] no indication that those defendants [had] been served yet."  (Notice of Removal of Action ("Removal Notice") ¶ 5.)  In fact, at least the School District, if not all defendants, had been served.

Now in federal court, the School District asserts Eleventh Amendment immunity and moves to dismiss the claims against it.  Plaintiffs concede that the School District is immune from suit in federal court under the Eleventh Amendment.  (Mot. to Remand at 7.)  Nonetheless, plaintiffs request a remand of the entire case to state court rather than a dismissal of the School District.  They claim that the court lacks subject matter jurisdiction to decide the School District's motion because not all defendants consented to removal.  (Id. at 5.)  Therefore,

plaintiffs assert that remand is the only proper solution.  (Id.)  As discussed below, plaintiffs' position fails because it was not timely asserted.  However, partial remand is appropriate based on Eleventh Amendment immunity.

## II.

### A. Failure to Gain Consent of all Defendants to Remove

The normal rule is that all defendants must join in a removal.  28 U.S.C. § 1446.  However, "[f]ailure to join all defendants is a procedural defect," and the failure to obtain joinder or consent from all defendants does not destroy subject matter jurisdiction.  N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995).  Moreover, the defect "must be raised within 30 days after the filing of the removal petition" or it is waived.  Id.  On August 12, 2005, the removing defendants filed a notice of removal.  Eighty-nine days later, on November 9, 2005, plaintiffs filed the motion to remand.  Therefore, the motion to remand on the basis of a procedural defect is untimely and must be denied.

### B. Remand Based on Eleventh Amendment Immunity

School Districts in California are part of the State for purposes of the immunity accorded by the Eleventh Amendment.  See Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 250 (9th Cir. 1992.)  Since the School District did not consent to this action or join in the removal, the School District did not waive the protection of the Eleventh Amendment.  Thus, the claims against the School District may not go forward in federal court.

The only issue is whether the court should remand the claims against the School District or dismiss the School District.  Of course, a dismissal would not affect plaintiffs' ability to re-file against the School District in state court, so that the ultimate result is possibly the same under either pathway, although dismissal will cause some additional work and expense on the part of plaintiffs.

A respected treatise on federal procedure states that "[i]f all or some of the claims in a lawsuit are barred by the Eleventh Amendment, the court may either dismiss or remand the barred claims."  Schwarzer, et al., Cal. Prac. Guide: Fed. Civ. Proc. Before Trial (The Rutter Group 2005) § 2:1088.8 (citing Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 387-92 (1998)).  Some circuits have concluded that immunity destroys subject matter jurisdiction and that only remand is proper.  Roach v. W. Va. Reg'l Jail & Corr. Facility Auth., 74 F.3d 46, 47, 49 (4th Cir. 1996); Smith v. Wis. Dep't of Agric., Trade & Consumer Prot., 23 F.3d 1134, 1140, 1148 (7th Cir. 1994); Fent v. Okla. Water Res. Bd., 235 F.3d 553, 558-59 (10th Cir. 2000).  However, the Ninth Circuit has held that Eleventh Amendment immunity is not a matter of subject matter jurisdiction.  Miles v. California, 320 F.3d 986 (9th Cir. 2003).  Therefore, the court may either remand or dismiss.  See Embury v. King, 191 F.Supp. 2d 1071, 1078 (N.D.Cal. 2001) (finding claims barred by immunity can either be "remanded to State court or dismissed and refiled there.").  Although both options are available, "it is well-settled that the preferable

course of action is to remand those claims barred by the Eleventh Amendment to the state court from which they were removed." Watkins v. Cal. Dep't of Corr., 100 F.Supp.2d 1227, 1232 (C.D.Cal. 2000); Embury, 191 F.Supp.2d at 1078.

Because a remand is more efficient and because there is no reason why the case may not proceed against the School District in state court, the court remands the claims against the School District to the Superior Court of Sacramento County.

C.  Remand of Entire Case

Plaintiffs seek to remand the entire case, arguing that adjudicating the case in two different courts "would be virtually impossible, as well as a poor use of judicial resources." (Mot. to Remand at 6.) However, remand of claims barred under the Eleventh Amendment "does not destroy removal jurisdiction over the remaining claims in the case." Schacht, 524 U.S. at 392. A court can proceed to hear the non-barred claims. Id. at 393. Indeed, the Ninth Circuit has concluded that a court must hear the non-barred claims and cannot "remand a case in its entirety where there is subject matter jurisdiction over some portion of it." Lee, 260 F.3d at 1002.

The Lee court recognized that its "interpretation of § 1447(c) admittedly may result in largely duplicative state and federal court proceedings." Id. at 1007. A properly removed case may "be split up when it is subsequently determined that some claims cannot be adjudicated in federal court." Id. For

example, a "district court may decide the plaintiff's claims against state employees sued in their individual capacity, but, if the state asserts its Eleventh Amendment immunity, may not decide claims against the state." Id. at 1007, n.9.  However, the preference for judicial economy does not "override the language of § 1447(c) proscribing a remand of the entire case when there is subject matter jurisdiction over some of it."  Id. at 1007.  A certain amount of inefficiency is built into our dual court system.

Although the court remands the claims against the School District, it retains subject matter jurisdiction over the claims against the removing defendants, and, therefore, must deny the motion to remand these claims as well.  If plaintiffs are intent on a single litigation in one court, they may either dismiss the School District or dismiss the federal claims against the remaining defendants.

D.  Attorneys Fees

An order of remand may require the removing defendants to pay plaintiffs' "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Fees may not be awarded "when the removing party has an objectively reasonable basis for removal."  Martin v. Franklin Capital Corp., 126 S.Ct. 704, 708 (2005).  Given that the removal here was objectively reasonable and has been upheld in major part, the request for fees is DENIED.

III.

For the reasons stated above, the court: (1) remands the claims against the School District to the Superior Court for the County of Sacramento; (2) denies the motion to remand the claims against the remaining defendants; and (3) denies plaintiffs' request for attorneys fees.

IT IS SO ORDERED.

Dated: 1/30/2006.

_____
DAVID F. LEVI
United States District Judge